IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AMANDA J. YOUNG,

           Plaintiff,

v.

MONROE COUNTY,

           Defendant.

OPINION and ORDER

23-cv-729-amb

---

On July 22, 2025, the jury rendered its special verdict finding that plaintiff Amanda J. Young had proven that her use of leave under the Family Medical Leave Act (FMLA) was a motivating factor in defendant Monroe County's decisions to not re-hire her as a full-time dispatcher and to terminate her employment as an on-call dispatcher. Dkt. 66. The jury also found that defendant had proven that it would have taken the same employment actions even if plaintiff had not used FMLA leave. *Id.*

Defendant now moves for judgment in its favor. Dkt. 73. Plaintiff opposes, arguing that the court should enter judgment on liability in plaintiff's favor and allow the case to proceed to the question of damages before a new jury. Dkt. 74. The court will enter judgment in defendant's favor over plaintiff's opposition. The FMLA "provides no relief unless the plaintiff can prove that [she] was prejudiced by the violation," *Franzen v. Ellis Corp.*, 543 F.3d 420, 426 (7th Cir. 2008), and the jury found that defendant lawfully could have terminated or declined to re-hire plaintiff. Moreover, under the FMLA "[a]n interlocutory jury verdict on the issue of liability alone . . . is insufficient to constitute a judgment awarded to the plaintiff." *Id.* at 431.

Beyond opposing defendant's request for judgment, plaintiff brought her own motions under Federal Rules of Civil Procedure 50(b) and 59. Under Rule 50(b), plaintiff asks for judgment in her favor, arguing the jury had insufficient evidence to find that defendant would have made the same employment decisions even if she had not used FMLA leave. Dkt. 74 at 2–5. In support, plaintiff argues that her former supervisor's comments about her use of leave are direct evidence of a retaliatory motive. Under Rule 59, plaintiff alternatively seeks a new trial in reliance on that same evidence, arguing that the jury's verdict was against the weight of the evidence and that the court failed to give the Seventh Circuit's recommended mixed-motive instruction in Title VII, § 1981, and age discrimination cases. *Id.* at 5–8.

These requests are premature. Plaintiff filed her opposition brief before the court entered judgment in defendant's favor, but the rules provide for filing a motion for judgment as a matter of law or a new trial within 28 days *after* the entry of judgment. *See* Fed. R. Civ. P. 50(b) & 59(b).[1] The court will now enter judgment,[2] and plaintiff is free to renew her motions within the applicable time limit. If she does, the court will then set a briefing schedule on the motions.

---

[1] Inapplicable here, Rule 50(b) provides for the filling of a renewed motion for judgment as a matter of law, including an alternative request for a new trial under Rule 59, within 28 days after the jury was discharged if the motion addresses a jury issue not decided by a verdict.

[2] The court has modified defendant's proposed judgment. Dkt. 73-1. In particular, the court has not included an amount for costs because defendant did not request or justify an amount in its motion for judgment. Defendant may seek this relief pursuant to Rule 54.

ORDER

IT IS ORDERED that defendant's motion for judgment on the verdict, Dkt. 73, is GRANTED, and plaintiff's motions for judgment as a matter of law and for a new trial, Dkt. 74, are DENIED without prejudice.

Entered August 5, 2025.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge